## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## CLEVELAND DIVISION

| | |
|---|---|
| **CYLE DIXON**, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | |
| vs. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **REGIONAL EXPRESS CLEV INC.**, | **JURY DEMAND ENDORSED HEREON** |
| – and – | |
| **REGIONAL EXPRESS ATL INC.**, | |
| – and – | |
| **REGIONAL EXPRESS PITT INC.**, | |
| – and – | |
| **REGIONAL EXPRESS INC.**, | |
| Defendants. | |

Plaintiff Cyle Dixon ("Plaintiff"), on behalf of himself and all others similarly situated, for his collective and class action Complaint against Defendants Regional Express Clev Inc., Regional Express Atl Inc., Regional Express Pitt Inc., and Regional Express Inc. ("Defendants"), states and alleges as follows:

### INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 and R.C. 4113.15.

2. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [her]self or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA and R.C. 4113.15 on behalf of other similarly situated employees employed by Defendants in Ohio (the "Class").

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants perform substantial business in this District and Division, Defendants Regional Express Clev Inc. and Regional Express Inc. are incorporated in Ohio, Defendant Regional Express Clev Inc. resides in this this District and Division, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in Cleveland, Ohio, (Cuyahoga County).

8. Plaintiff was jointly employed by Defendants from approximately August through November 2022, as a non-exempt employee who was paid on an hourly basis.

9. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), and R.C. 4111.03(D)(3) and 4113.15.

10. Defendants Regional Express Clev Inc. and Regional Express Inc. are a for-profit Ohio corporations that can be served via their statutory agent: GT Network Inc., at 143 Boardman-Canfield Road #250, Boardman, OH 44512.

11. Defendant Regional Express Atl Inc. is a for-profit Georgia corporation that can be served via its statutory agent: Salvatore Caiazzo, at 965 Piedmont Rd, Suite 130, Marietta, GA, 30066.

12. Defendant Regional Express Pitt Inc. is a for-profit Pennsylvania corporation that can be served via its registered address: 5990 University Blvd, #234, Moon Township, PA 15108.

13. At all relevant times, Defendants were individual and joint employers within the meaning of the FLSA, and R.C. 4111.03(D)(2) and 4113.15.

14. At all relevant times, Defendants individually and jointly constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all relevant times, Plaintiff and those similarly situated have been employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

16. Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

### Defendants Are Joint Employers

17. Defendants jointly operate last-mile delivery services in Ohio, Georgia, and Pennsylvania.

18. Defendants jointly employed Plaintiff and others similarly situated as last-mile delivery employees.

19. In performing their duties, Plaintiff and those similarly situated worked entirely locally and intrastate, and used vehicles weighing less than 10,000 pounds, GVW.

20. Defendants jointly exercised operational control over significant aspects of the day-to-day functions of employees, including Plaintiff and those similarly situated.

21. Defendants shared authority to hire, fire and discipline employees, including Plaintiff and those similarly situated.

22. Defendants shared authority to set rates and methods of compensation of employees, including Plaintiff and those similarly situated.

23. Defendants shared authority to control the work schedules and employment conditions of employees, including Plaintiff and those similarly situated.

24. Defendants shared authority and control of employment records.

25. Defendants jointly benefitted from the work performed by Plaintiff and those similarly situated.

### Unpaid Compensable Work at the Beginning and End of Shifts

26. As part of their mandatory job duties, Plaintiff and those similarly situated were required to arrive to work early to perform compensable activities, including but not necessarily

limited to, obtaining keys and gas card, and attending meetings. However, this compensable work, which took approximately 10 minutes or more was not paid by Defendants.

27. Plaintiff and those similarly situated were also not paid for all compensable work performed at the end of their shifts. For example purposes only, Plaintiff and others similarly situated would be paid only until 8:45 PM, even when they were actually still delivering and not returning to Defendants' work locations until 9:30 PM or 10:00 PM.

28. The compensable work performed at the beginning and end of their shifts was integral and indispensable to the jobs that Plaintiff and others similarly situated were hired to perform. For example, it would be impossible for them to perform their delivery jobs without keys and a gas card, or attending mandatory meetings.

29. Likewise, Plaintiff and others similarly situated were often out still delivering packages, not returning to Defendants' work locations until approximately 9:30-10:00 PM, yet not paid for this time.

30. Because this unpaid work is integral and indispensable to the work performed by Plaintiff and those similarly situated, it is compensable work time within the meaning of the FLSA and OMFWSA.

31. Additionally, this unpaid work constituted the first and last principal activities of their workdays.

32. Plaintiff and those similarly situated routinely worked 40 or more hours. Accordingly, by not paying them for all time worked, Defendants violated the FLSA and Ohio law by not paying them all wages due, including overtime compensation.

### Missed and Interrupted Lunch Breaks

33. Defendants encouraged Plaintiff and others similarly situated to not take their full, uninterrupted lunch breaks.

34. Also, because of the demands of delivering packages, Plaintiff and those similarly situated would not be able to complete all assigned deliveries on time if they took a full 30-minute lunch.

35. Even though Plaintiff and those similarly situated took no lunch, were interrupted during their lunches, or took no more than a 10- to 15-minute breaks, Defendants nevertheless still deducted a full 30-minute lunch break.

36. Plaintiff and those similarly situated routinely worked 40 or more hours. Accordingly, by not paying them for missed or interrupted lunch breaks, or for short rest breaks of 20 minutes or less, Defendants violated the FLSA and Ohio law by not paying them all wages due, including overtime compensation.

37. Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and Ohio law and were paid an hourly wage.

38. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA. For example, Defendants discouraged Plaintiff and those similarly situated from taking a full lunch, monitored their vehicles' idle time, and Plaintiff and those similarly situated would be asked by management why they were idle if they took breaks that were longer than 10 to 15 minutes.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

40. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All current and former hourly delivery employees who worked 40 or more hours during a workweek at any time from three (3) years preceding this Complaint through final disposition of this matter**.

41. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

42. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and a class of persons employed by Defendants in Ohio defined as:

**All current and former hourly delivery employees employed in Ohio at any time from two (2) years preceding this Complaint through final disposition of this matter.**

44. The Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of at least 50 people.

45. There are questions of law or fact common to the Class including: whether Defendants failed to pay its employees for all time worked, whether that resulted in the underpayment of overtime, and/or whether Defendants failed to pay the Class wages on a semi-monthly basis as required by R.C. 4113.15.

46. Plaintiff will adequately protect the interests of the Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Class in this case.

47. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' joint and several liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this

case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Plaintiff and other similarly situated employees were not paid for all time worked at the beginning and ends of their shifts, and was not paid for missed and interrupted meal breaks.

51. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendants.

52. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees for all work time resulted in Defendants' failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

53. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

54. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Ohio Overtime Violations)**

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Plaintiff and other similarly situated employees were not paid for all time worked at the beginning and ends of their shifts, and was not paid for missed and interrupted meal breaks.

57. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendants.

58. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees for all time worked resulted in Defendants' failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, R.C. 4111.03(A).

59. As a result of Defendants' practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## COUNT THREE
**Failure to Pay Wages on a Semimonthly Basis**

60. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. R.C. 4113.15(A) requires that Defendants pay Plaintiff and the Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

62. There is no dispute that Defendants have an obligation to pay employees for all hours worked. However, Defendants did not pay Plaintiff and the Class all wages earned for all work performed at the beginning and ends of their shifts, and work performed during missed and interrupted meal breaks.

63. Plaintiff and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of R.C. 4113.15(A), and therefore not all wages earned have been paid on a semi-monthly basis.

64. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

65. As a result of Defendants' willful violation, Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to R.C. 4113.15(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a Rule 23 class action;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award Plaintiff, the Opt-Ins who join, and the putative class actual damages for unpaid wages;

E. Award Plaintiff, the Opt-Ins who join, and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs, the Opt-Ins, and the putative class;

F. Award Plaintiff and the Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

G. Award Plaintiff, the Opt-Ins who join, and the putative class pre-judgment and post-judgment interest at the statutory rate;

H. Award Plaintiff, the Opt-Ins who join, and the putative class attorneys' fees, costs, and disbursements; and,

I. Award Plaintiff, the Opt-Ins who join, and the putative class further and additional relief as this Court deems just and proper.

Respectfully Submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2944
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Shannon M. Draher (0074304)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email:  sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*

*Counsel for Plaintiff*