IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CYLE DIXON**, on behalf of himself and others similarly situated, | Case No. 1:22-cv-02288 |
| Plaintiff, | Judge David A. Ruiz |
| vs. | |
| **REGIONAL EXPRESS CLEV INC.**, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE, *INSTANTER*, SECOND AMENDED COMPLAINT**

Named Plaintiff Cyle Dixon ("Plaintiff"), by and through counsel, respectfully moves the Court for leave to file, *instanter*, a Second Amended Complaint.[1] Plaintiff filed his Original Complaint on December 20, 2022, and his First Amended Complaint on February 16, 2023.[2]

Plaintiff seeks leave to amend to name as Co-Defendant Salvatore Caiazzo, Jr., who Defendants have recently identified as owner of all presently named Defendants, while providing facts that support the allegation that Mr. Caiazzo is a "joint employer" of Plaintiff, the current Opt-in Plaintiffs, and other similarly situated employees in Ohio, Pennsylvania, Georgia, and Florida. (ECF Nos. 68-1, 69-1).

Additionally, in the event the Court grants Defendants' Motion to Stay and Compel Arbitration, Plaintiff seeks leave to amend to add/substitute Plaintiff Dixon with Opt-in Plaintiff Gary Adams, who Defendants identified as not being subject to an arbitration agreement. (*See e.g.*, ECF Nos. 60, 68-1). A memorandum in support is attached hereto.

---

[1] Clean and redlined copies of the proposed Second Amended Complaint are attached as **Ex. 1**.

[2] Doc. Nos. 1, 10.

        Respectfully submitted,

        **NILGES DRAHER LLC**

        */s/ Robi J. Baishnab*
        Robi J. Baishnab (0086195)
        1360 E 9th St., Suite 808
        Cleveland, OH 44114
        Telephone: (216) 230-2955
        Facsimile: (330) 754-1430 (Fax)
        Email: rbaishnab@ohlaborlaw.com

        Shannon M. Draher (0074304)
        7034 Braucher Street NW, Suite B
        North Canton, OH 44720
        Telephone: (330) 470-4428
        Facsimile: (330) 754-1430
        Email: sdraher@ohlaborlaw.com

        *Counsel for Plaintiffs*

**MEMORANDUM IN SUPPORT**

I.  **BACKGROUND**

   A.  **Adding Salvatore Caiazzo, Jr. as a "joint employer" / Co-Defendant.**

Plaintiff's operative Complaint alleges that the presently named Defendants, Regional Express Clev Inc. and Regional Express Inc., were "joint employers," that they "individually and jointly constituted an enterprise" under the FLSA, and that they jointly employed Plaintiff Dixon and all similarly situated employees in Ohio, Georgia, Pennsylvania, and Florida. (Doc. No. 10 at ¶¶14, 16-38).

The proposed Second Amended Complaint adds as Co-Defendant Salvatore Caiazzo, Jr. As outlined in Defendants' recent filings, Mr. Caiazzo is owner of the two presently Named Defendants: Regional Express, Inc. and Regional Express Clev Inc. (Doc. No. 68-1 at PageID #: 594, ¶1). Mr. Caiazzo also owns non-parties Regional Express Atl. Inc. and Regional Express Pitt. Inc. (*Id*. at PageID #: 599, ¶8).

Mr. Caiazzo's sworn declaration demonstrates knowledge as to which Party-Plaintiffs have arbitration agreements and which do not, including Plaintiffs that worked for Defendants Regional Express, Inc. and Regional Express Clev Inc., as well as Plaintiffs that worked for Regional Express Atl. Inc. and Regional Express Pitt. Inc. (*Id*. at PageID #: 598-99, ¶¶5, 12). He also provided sworn testimony as to the Plaintiffs' dates of employment, and knowledge of certain Plaintiffs' job titles and job duties. (*Id*. at PageID #: 598-600, ¶¶5, 12, 14) (The Plaintiffs "picked up packages from Amazon warehouses in Ohio and delivered those packages to Amazon customers' homes or businesses . . ." and that the respective Plaintiffs "did not make deliveries for [Regional Express Inc.] outside of Ohio or deliveries that required them to cross state lines . . .") (*Id*. at ¶14).

Mr. Caiazzo explained in fine detail the hiring and "onboarding" process that Delivery Associates, like Plaintiffs, had to complete "before they start working." (*Id*. at PageID #: 601, ¶15).

3

For example, he explained that "[d]uring onboarding, the prospective employee provided certain information to [Regional Express Inc.], registered with Amazon as a [Regional Express Inc.] delivery driver, and reviewed and accepted an arbitration agreement . . ." (*Id.*). Mr. Caiazzo continued, providing step-by-step details about creating "a profile for the prospective employee using their name and e-mail address" and "caus[ing] the onboarding system to send the individual an email." (*Id.* at ¶17).

Mr. Caiazzo even knows what the employees see "[a]fter clicking the 'Sign in' link", including the opening of a "Welcome" page and that "the individual must create an account" to join Regional Express Inc. and Regional Express Clev Inc. (*Id.* at ¶18).[3] Mr. Caiazzo continued, providing very detailed steps of creating an account with a unique one-time password, downloading the application, what menus appear, the actual text of the arbitration agreement, and the process of agreeing and accepting (*Id.* at PageID #:602-08, ¶¶19-25).

Mr. Caiazzo demonstrated knowledge that "[t]he onboarding process gave the prospective employee as much time as they wished" and that "they could review the Agreement on one day and then return to the application on another day . . ." (*Id.* at PageID #: 607, ¶23). He explained that "a prospective employee could not complete three separate onboarding tasks without first reviewing, accepting, and agreeing to the Arbitration Agreement, . . ." (*Id.* at PageID #: 608, ¶26).

Similarly, Defendants submitted a declaration from an Amazon employee, Alexis Cantwell-Badyna. This one point-of-contact was able to provide detailed information concerning Amazon's contracting with Regional Express Inc., Regional Express Atl Inc., and Regional Express Pitt Inc. (Doc. 68-2).

---

[3] *See Id.* at PageID #: 597, ¶1 (defining the "Company" as collectively referring to Regional Express Inc. and Regional Express Clev Inc.).

According to www.aboutamazon.com, Mr. Caiazzo's "company, Regional Express Inc., has grown rapidly to nearly 200 employees with locations in Ohio, Pennsylvania, and Georgia."[4] Also, according to the U.S. Department of Transportation (DOT), Regional Express Inc. and Regional Express Atl. Inc. share the same exact mailing in Georgia. (*See attached as* **Ex. 2**, Declaration of Robi J. Baishnab at ¶2). Similarly, the DOT has Regional Express Inc.'s physical Ohio address as exactly matching both Regional Express Pitt. Inc.'s physical and mailing addresses. (*Id.*)

Further, Defendants' Counsel provided interrogatory responses for 19 of the 22 Opt-in Plaintiffs. (Baishnab Dec. at ¶¶3-4). In response to the following interrogatories, Defendants provided the same exact responses for 18 of those Plaintiffs who worked at Regional Express Inc., Regional Express Pitt. Inc., and Regional Express Atl. Inc.[5]

> **Interrogatory No. 2:** Identify all individuals who supplied information used in responding to these Interrogatories and/or Plaintiff's First Request for Production of Documents, and for each such individual, identify the interrogatory or document request for which that individual supplied information.
>
> **Answer:**
> • Clark Brown – ADP Payroll & Time Keeping Records
> • Michael Young – Personnel File
>
> **Interrogatory No. 4:** Identify all individuals who were responsible for maintaining the personnel files, timekeeping records and payroll records of Representative Plaintiff, the Opt-In Plaintiffs, and the Potential Opt-In Plaintiffs during the Relevant Time Period.
>
> **Answer:**
> • Clark Brown
> • Michael Young
>
> **Interrogatory No. 6:** For the Relevant Period, identify all phone apps, tablet apps, computer programs, any other tools, programs, apps, used by Defendants or by Representative Plaintiff, the Opt In Plaintiffs and the Potential Opt-In Plaintiffs for the purposes of recording work

---

[4] https://www.aboutamazon.com/news/transportation/how-amazons-dsp-program-has-created-26-billion-in-revenue-for-owners (last viewed 12/19/23).

[5] The 19th, Vernon Simpson, is represented to be associated with Regional Express Heavy, Inc. Plaintiff does not concede that Mr. Simpson is not a proper Opt-in Plaintiff. (Doc. No. 68-1 at PageID #: 600, ¶12).

time, delivery routes, package deliveries, break time, meal breaks, and all other work activity during the work day.

**Answer:**
The work-related apps would be:
1. ADP Timecard and Time Keeping App – Work time/Breaks/Meals
2. Amazon Flex App – Package Delivery and route specifics

(Baishnab Dec. at ¶¶3-4).

Accordingly, all Plaintiffs for which interrogatory responses were received reported to the same managers across multiple business entities, and those entities are owned and operated by Mr. Caiazzo.

### B. Adding or substituting the Named Plaintiff.

Defendants moved to compel arbitration for nine (9) of the 22 current Party-Plaintiffs, including current Named Plaintiff Cyle Dixon. (Doc. No. 60). Plaintiff opposed the motion because Defendants waived the right to compel arbitration. (Doc. 65). Should the Court grant Defendants' motion, the remaining FLSA claims should proceed, and Plaintiff now asks that the Court permit leave to substitute the Opt-in Plaintiff Gary Adams, as Defendants have identified him as an Ohio employee with no arbitration agreement. (*See e.g.*, Doc. Nos. 60-1; 68-1 at ¶5).

## II. LEGAL ANALYSIS

Rule 15(a)(2) "provides that a party may amend its pleadings with leave of court and that leave should be freely given 'when justice so requires." *Robbins Co. v. Herrenknecht Tunneling Sys. USA,* 2014 U.S. Dist. LEXIS 81779, * 7 (N.D. Ohio June 16, 2014). "[T]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings." *Robbins*, 2014 U.S. Dist. LEXIS 81779, * 7 (citing *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

Courts consider several factors when deciding whether to permit an amendment, including: "undue delay in filing; lack of notice to the opposing party; bad faith by the moving party; repeated

failure to cure deficiencies by previous amendments; undue prejudice to the opposing party; and, futility of the amendment." *K&M Int'l, Inc. v. NDY Toy, L.L.C.,* 2015 U.S. Dist. LEXIS 131220, *20 (N.D. Ohio Feb. 6, 2015) (citing, *Wade v. Knoxville Utility Board*, 259 F.3d 452, 459 (6th Cir. 2001)). Here, all factors support leave to amend.

   A. <u>There has been no "undue delay."</u>

Defendants identified Mr. Caiazzo as a potential "joint employer" through his sworn declaration only as recently as December 1, 2023,. (Doc. No. 68-1). The sworn statement was reiterated as recently as December 14, 2023. (Doc. No. 69-1).

Also, while Gary Adams was identified as not having an arbitration agreement on August 29, 2023 (Doc. No. 60), the briefing on Defendants' motion to stay did not close until October 3, 2023. (Doc. No. 66). And the only sworn declaration supporting Defendants' motion was from Defendants' Counsel, while the two December declarations were made by Mr. Caiazzo and an Amazon employee, both of whom reflect that Opt-in Plaintiff Adams does not have an arbitration agreement. (Doc. Nos. 68-1, 68-2). Accordingly, there has been no "undue delay" and this factor supports leave to amend.

   B. <u>Defendants have had notice of the proposed amendments</u>.

Defendants have had notice of the proposed amendments since as early as being served with the Original Complaint, on or about December 29, 2022, or at least since January 30, 2023, when Defendants filed their first motion to dismiss (Doc. Nos. 3, 4, 9).

The Original Complaint includes claims pursuant to the Fair Labor Standards Act ("FLSA"), under which a potentially liable "employer" is "'any person acting directly or indirectly in the interest of an employer in relation to an employee," including individual owners. 29 U.S.C. § 203(d). The Original Complaint alleged joint employment (Doc. No. 1 at PageID #: 4, ¶¶17-25), which was the

7

subject of one of Defendants' arguments in their January 2022 motion to dismiss (Doc. No. 9 at PageID #: 54-56 (arguing that the Court lacks personal jurisdiction over two party-Defendants)).

While it is premature to address the merits of the underlying claims and the issue of joint employment, individual liability may attach when there is sufficient control over employees, including ownership interests, and supervision and control over work schedules, working conditions, and operations, which Plaintiff expects to prove up through discovery. *Acosta v. CPS Foods, Ltd.*, No. 5:14CV490, 2017 U.S. Dist. LEXIS 182683, at *10-11 (N.D. Ohio Nov. 3, 2017) (*citing*, *Goldberg v. Whitaker House Cooperative*, 366 U.S. 28, 33, 81 S. Ct. 933, 6 L. Ed. 2d 100 (1961)).

An individual may be liable for FLSA violations as a "joint employer" when they "are chief corporate officers of the business, have a significant ownership interest in the business, control significant aspects of the business's day-to-day functions, and determine employee salaries and make hiring decisions." *United States DOL v. Wireless Boys, LLC*, No. 3:20 CV 718, 2023 U.S. Dist. LEXIS 149701, at *12 (N.D. Ohio Aug. 25, 2023) (*citing Diaz v. Longcore*, 751 F. App'x 755, 758 (6th Cir. 2018).

"In the Sixth Circuit, being the 'top man' at a corporation that functions for an individual's profit is sufficient to impose FLSA liability. This is true even when an individual employer alleges that other, lower members of management made day-to-day operational decisions." *Wireless Boys, LLC*, 2023 U.S. Dist. LEXIS 149701, at *12 (*citing Hatmaker v. PJ Ohio, LLC*, 2019 U.S. Dist. LEXIS 50403, *11-12 (S.D. Ohio)) (further citation omitted).

Here, justice requires that Plaintiff be permitted to add Mr. Caiazzo as a "joint employer" / Co-Defendant, because he is the "top man" and has the "ultimate authority" within a corporate organizational structure. *Wireless Boys, LLC*, 2023 U.S. Dist. LEXIS 149701, at *13 (*citing Parks v. Cent. USA Wireless, LLC*, No. 1:17-cv-448, 2019 U.S. Dist. LEXIS 167502, *12 (S.D. Ohio Sep. 29,

2019). As outlined above, Mr. Caiazzo provided substantial details concerning the application steps, hiring process, and job duties showing that he is the "top man," and should therefore be named as "joint employer." Mr. Caiazzo owns and operates all business entities that share office locations and managers. Mr. Caiazzo would be a "joint employer" even if he was not specifically involved in hiring and firing and did not manage or oversee employee work hours. *Wireless Boys, LLC*, 2023 U.S. Dist. LEXIS 149701, at *16 (*citing Parks*, 2019 U.S. Dist. LEXIS 167502, *10.

Similarly, Defendants have known that Opt-in Plaintiff Adams was not subject to an arbitration agreement since their August 29, 2023, motion. (Doc. No. 60). Accordingly, this factor supports leave to amend.

### C. The remaining factors support leave to amend.

Plaintiff has not acted in bad faith in attempting to file a Second Amended Complaint. The amendment is sought solely because of the arguments and alleged facts presented by Defendants. (*See e.g.*, Doc. Nos. 60, 66, 68, 69).[6]

Plaintiff has not had repeated failures to cure deficiencies in previous amendments. Plaintiff is only adding a co-defendant that Defendants should reasonably foresee, and Plaintiff is not adding claims. In fact, the Second Amended Complaint removes the claim alleging unpaid work at the end of the day and removed Rule 23, leaving only the meal-break claim under the FLSA. Accordingly, Defendants' defense burden is actually substantially lightened.

There is no undue prejudice to the Defendants. In assessing prejudice, courts should consider "whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the

---

[6] In seeking leave to amend, Plaintiff does not abandon the argument that Defendants waived the right to compel arbitration. (Doc. 65).

resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Towne Auto Sales v. Tobsal Corp.,* 2017 U.S. Dist. LEXIS 68275, * 6-7 (N.D. Ohio May 4, 2017) (*citing Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir. 1994)).

As mentioned above, Plaintiff actually removed claims in the proposed Second Amended Complaint, and Defendants' defenses to the remaining meal-break claim are expected to remain the same. The Parties have not completed FLSA-notice discovery, with disputes concerning the same pending before the Court. (*See e.g.*, Doc. Nos. 53, 59, 71). Plaintiff has served a first set of interrogatories and document requests to Defendants, and some responses have been made, but there remain outstanding interrogatory verifications and document production. (Baishnab Dec. at ¶3). In addition to the pending ruling as to the scope of FLSA-notice discovery, Defendants' Motion to Stay and Compel Arbitration is awaiting a ruling, and the briefing on Defendants' recently filed motion to drop certain misjoined Party-Plaintiffs is yet to close. (Doc. Nos. 60, 65, 66, 69).

If the Court grants Defendants' Motion to Stay and Compel Arbitration, the substitution of Opt-in Plaintiff Adams will also result in no substantive change, except perhaps start and end employment dates, and, of course, that Mr. Adams does not have an arbitration agreement.

Therefore, the amendment sought is not expected to significantly change or expand Defendants' responses or duties under the discovery rules. Defendants, therefore, would in no way be required to "expend significant additional resources to respond to the requests or to conduct its own discovery" or additional resources to "prepare for trial" as a result of the proposed amendments. *Towne Auto Sales,* 2017 U.S. Dist. LEXIS 68275, * 6-7 (*citing Phelps,* 30 F.3d at 663).

Likewise, significant delay is not expected from Plaintiff's requested amendments. As already mentioned, Defendants should not express surprise by the requested amendments because "joint employer" has been at issue in one way or another throughout the litigation. Moreover, the current

10

posture of this case includes multiple pending motions and Defendants' outstanding complete responses to discovery.

Lastly, Plaintiff's amendment is not futile. Defendants acknowledge that their motion to compel arbitration applies only to those party-Plaintiffs that purportedly have arbitration agreements. (Doc. No. 60 at PageID #: 473) ("[T]here are binding arbitration clauses vis-à-vis the nine (9) party-Plaintiffs. . . They should be compelled to arbitrate their claims.") Additionally, Plaintiff believes that individual liability as to Mr. Caiazzo exists, and that Plaintiff's requested amendments are well supported by the law and facts to be revealed through the completion of discovery.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File, *instanter*, a Second Amended Complaint should be granted.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
1360 E 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430 (Fax)
Email: rbaishnab@ohlaborlaw.com

Shannon M. Draher (0074304)
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 28, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*Robi J. Baishnab*
*Counsel for Plaintiffs*
