UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CYLE DIXON,<br>*on behalf of himself and others similarly situated*,<br><br>　　Plaintiff,<br><br>　　v.<br><br>REGIONAL EXPRESS CLEV INC.,<br>*et al.*,<br><br>　　Defendants. | CASE NO. 1:22-cv-02288<br><br>JUDGE DAVID A. RUIZ<br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon Defendants Regional Express Clev Inc. and Regional Express Inc.'s ("Defendants") Motion to Compel Arbitration and to Partially Stay Proceedings Pending Arbitration ("Motion") (R. 60). For the following reasons, the Court GRANTS Defendants' Motion.

I. Background

Plaintiff seeks to represent a class of employees who allege they were not paid for all the hours they worked for Defendants in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-219. (R. 10, PageID#: 60 ¶¶ 1,2). The two Defendants are corporations who operate last mile delivery services in several cities across the United States, including Cleveland, Pittsburgh, and Atlanta. (*Id.* at PageID#: 63 ¶¶16, 17). Plaintiff and others similarly situated are delivery drivers who work for Defendants delivering packages for companies like Amazon, who use Defendants to accomplish deliveries. (*Id.* at PageID#: 63, 64 ¶¶18, 23).

Plaintiff's Amended Complaint alleges that Defendants routinely clocked out drivers

before they were done working and subtracted thirty minutes for lunch breaks that were not taken. (*Id.* at PageID#: 60 ¶2). According to Plaintiff, this deprived Plaintiff and others of regular pay, as well as an under recording of overtime. (*Id.* at PageID#: 67–68 ¶39). Plaintiff contends Defendants did this knowingly, and that he was told to never clock out later than 8:45 p.m., even if he was working past that time. (*Id.* at PageID#: 68 ¶43).

Defendants have moved to dismiss the Amended Complaint (R. 21), and that motion shall be addressed by a separate order. Prior to the filing of the Motion to Compel Arbitration, other employees continued to file consent forms to join this action pursuant to 29 U.S.C. §216(b). In advance of the Case Management Conference, Defendants were granted leave to file an answer to Plaintiff's Amended Complaint. (R. 37 & 38). The Court held a Case Management Conference, which was continued, to give the parties time to consider their positions on the new standard for class action notice-discovery decided by the Sixth Circuit in *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023). (R. 50). Following the Conference, Plaintiff filed their position on the Scope of FLSA Notice Discovery, and Defendants filed their response. (R. 53, 59). In their Response, Defendants noted that while preparing their filing it came to their attention that many of the potential plaintiffs, including named Plaintiff, had signed arbitration agreements with Defendants.[1] (R. 59, PageID#: 468 n. 1). That same day, Defendants filed the instant Motion, which included copies of the arbitration agreements. (R. 60).

---

[1] The arbitration agreements include claims employees "have against the Company and/or any Covered Parties …." (*See, e.g.*, R. 60-6, PageID# 511). "Covered parties" includes "the Company, any entity formerly or currently owned, affiliated, controlled or operated by the Company (a 'company entity'), clients of the Company or a company entity, and the former and current officers, directors, managers, employees, owners, attorneys, agents, and vendors of the Company and/or a company entity and/or clients of the Company." (*Id*. at PageID# 511-512).

2

Plaintiff opposed the instant Motion, and Defendants have filed a reply in support of the Motion. (R. 65 & 66). Plaintiff does not dispute the existence or applicability of the arbitration agreements Defendants seek to enforce, rather, he argues that Defendants waived their right to compel arbitration because they did not assert arbitration earlier and participated in litigation. (*See generally* R. 65). Defendants' reply asserts that their delay in asserting arbitration was due to the "chaotic" nature of the case, which included the continuous addition of party-plaintiffs and the release of the *Clark* decision. (R. 66).

## II. Standard of Review

In examining a motion to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the non-moving party." *Jones v. U-HAUL Co. of Mass. & Ohio, Inc.*, 16 F. Supp. 3d 922, 930 (S.D. Ohio 2014) (*quoting Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003)).

In determining whether to grant a motion to dismiss or stay proceedings and compel arbitration, the Court must consider four factors:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Glazer v. Lehman Bros.*, 394 F.3d 444, 451 (6th Cir. 2005), *cert. denied,* 546 U.S. 1214 (2006) (*quoting Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)); *see also Patnik v. Citicorp Bank Tr. FSB*, 412 F. Supp. 2d 753, 758 (N.D. Ohio 2005) (*citing Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003)).

The Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006); *accord In re: Auto. Parts Antitrust Litig.*, 951 F.3d 377, 381 (6th Cir. 2020). The Sixth Circuit has explained:

> It provides that a "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, ... or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Courts must, consistent with this text, " 'rigorously enforce' arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233, 133 S.Ct. 2304, 186 L.Ed.2d 417 (2013) (citation omitted). And we resolve "any doubts concerning the scope of arbitral issues ... in favor of arbitration." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010).

*In re: Auto. Parts Antitrust Litig.*, 951 F.3d at 381.

It has long been settled that a party can waive its contractual right to arbitration, just like a party can waive any contractual right. *See Am. Locomotive Co. v. Gyro Process Co.,* 185 F.2d 316, 318 (6th Cir. 1950). However, because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred. *Glazer v. Lehman Bros., Inc.,* 394 F.3d 444, 450 (6th Cir. 2005). An arbitration agreement may be considered waived when a party takes actions that are completely inconsistent with any reliance on an arbitration agreement. *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012).

The Supreme Court recently considered the issue of when the right to arbitrate is waived in *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022). Applying principles of contract law, the Court found there is no need to consider prejudice to the other party and affirmed the correct test

4

is to consider whether a party "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right." (*Id.* at 419).

### III. Discussion

Federal law strongly favors the enforcement of valid arbitration clauses for dispute resolution. The primary substantive provision of the FAA reflects "both a 'liberal federal policy favoring arbitration,' *Moses H. Cone* [*Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)], and the 'fundamental principle that arbitration is a matter of contract,' *Rent-A-Center, West, Inc. v. Jackson*, [561 U.S. 63, 67] (2010)." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

Here, Plaintiff has made no argument contesting the validity of the arbitration agreements Defendants are seeking to enforce. According to Defendants, the agreements at issue were signed as a condition of employment with Defendants, and all employees were given a chance to read and affirm the agreement without time constraints. (R. 68-1). Plaintiff objects to the supplemental filing of this information but does not dispute the assertion that these agreements are valid and were entered willingly. (R. 70). Accordingly, the Court does not address the validity of the arbitration agreements, but rather addresses the waiver argument made by Plaintiff.

Waiver, we have said, "is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted). To decide whether a waiver has occurred, the court focuses on the actions of the person who held the right. *Morgan,* 596 U.S. at 417. There are now only two elements to determine if a party waives its contractual right to arbitration: 1) if the party knew of the right; and 2) acted inconsistently with that right. *See*, *e.g., Roman v. Jan-Pro*

*Franchising Intl., Inc.*, 342 F.R.D. 274, 292 (N.D. Cal. 2022) (*quoting* Morgan, 142 S. Ct. at 1709). *Schwebke v. United Wholesale Mortg., LLC*, No. 21-10154, 2023 WL 3901482, at *4 (E.D. Mich. June 8, 2023).

Concerning the knowledge requirement, Defendants have represented to the Court that they were not aware of the arbitration agreements until August of 2023 when they were preparing to file their Position on the Scope of FLSA-Notice Discovery. (R. 59, PageID#: 468 fn. 1). Plaintiff has not submitted anything to suggest Defendants were previously aware of the agreements or offered argument to contradict Defendants' assertion. Accordingly, without knowledge of the agreements, Defendants cannot have knowingly waived the right as is required under the waiver standard in *Morgan*.

Rather, Plaintiff's main argument against Defendants' Motion is that they acted inconsistently with their right to arbitrate. (R. 65, PageID# 573). Plaintiff points to Defendants' two Motions to dismiss, a variety of other docket filings, and the initial discovery exchanged to show that Defendants' actions were consistent with an intent to litigate and amount to waiver. (*Id.*) Plaintiff also argues that the amount of time that has elapsed between the filing of the Complaint and Defendants' Motion to Compel Arbitration is indicative of Defendants' intent to litigate. (*Id.* at 574). The two cases cited by Plaintiff in support of their arguments are distinguishable from the current case, and the Court finds the circumstance of this case to be more comparable to cases where waiver was *not* found. (*See* R. 65, *citing Schwebke*, 2023 WL 3669332 and *Gibson Guitar Corp. v. Elderly Instruments, Inc.*, 2006 WL 3316971 (M.D.Tenn.,2006); *see example Kirsch v. Dean*, 2017 WL 29684, at *5 (W.D.Ky., 2017) (finding no waiver)).

While it is accurate that Defendants filed two Motions to Dismiss before filing the present Motion, both were filed before Defendants claim to have discovered the arbitration agreements, and neither has been ruled on by the Court. Contrary to Plaintiff's contention in his Opposition, the filing a Motion to Dismiss does not inherently mean a party has acted inconsistently with the right to arbitrate. (R. 65, PageID# 572; *Sevier Cnty. Sch. Fed. Credit Union v. Branch Banking & Tr. Co.*, No. 3:19-CV-138, 2022 WL 19403610, at *9 (E.D. Tenn. Sept. 15, 2022) ("The filing of a dispositive motion, though informative on the matter, does not in and of itself decide the issue of waiver."); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)("It is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss"); *Kirsch*, 2017 WL at *5 ("Here, Dean's filing of a motion to dismiss did not waive his right to compel arbitration")).

Where waiver is found, the party seeking arbitration has typically engaged in more extensive litigation than Defendants have here. In *Gibson*, cited by Plaintiff, the court found waiver had occurred based on the fact that the court had already ruled on a Motion to Dismiss, *and* the defendant had filed a Motion for Summary Judgment. *Gibson Guitar Corp.*, 2006 WL 3316971 at *1. Additionally, in both cases cited by Plaintiff, significant discovery including depositions had already occurred, which is not the case here. (*See examples Gibson Guitar Corp.*, 2006 WL 3316971 at *1; *Schwebke*, 2023 WL 3901482 at *5).

The Sixth Circuit recently affirmed the district court's ruling in *Schwebke*, cited directly above. *Schwebke v. United Wholesale Mortg. LLC*, 96 F.4th 971 (6th Cir. 2024). Primarily relying on *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713 (6th Cir. 2012), the Court of Appeals agreed with the district court that defendant's actions were inconsistent with reliance on arbitration, pointing specifically to the failure to raise arbitration as an affirmative

7

defense and the amount of discovery conducted. *Schwebke,* 96 F.4th at 975. The Court of Appeals in *Schwebke* noted that discovery was "nearly complete" before arbitration was raised. *Id.* The defendant had deposed multiple witnesses, issued third party subpoenas, and exchanged tens of thousands of pages of discovery. *Id.* Here, Defendants raised arbitration in their Answer as a potential defense (R. 38, PageID# 314, ¶¶19-20), no witnesses have been noticed for depositions, and the number of documents exchanged is significantly less extensive.

Plaintiff also points to the length of time it took Defendants to raise arbitration as evidence of waiver. As part of this argument, Plaintiff lists Defendants' Answer as sign of Defendants' intent to litigate, when in fact, Defendants' Answer raises arbitration as a potential defense to Plaintiff's Amended Complaint. (R. 38, PageID#: 314 ¶¶ 19, 20). Plaintiff contends that Defendants did not raise arbitration until over seven and a half months into the litigation. (R. 65. PageID#: 573). However, the time between Plaintiff's Amended Complaint and Defendants' Answer raising the potential for arbitration was a little over three months. (R. 10; R. 38). The time between Plaintiff's Amended Complaint and the instant motion was a little over six months. (R. 10: R. 60). "Most courts which have found waiver were presented with significantly longer waits than six months." *Green Plains Obion, LLC v. Obion Grain Co.*, 2011 WL 13161597, at *6 (W.D. Tenn. Aug. 5, 2011). Both cases cited by Plaintiff in opposition to the instant motion involved a longer delay than the one here. *See, e.g., Gibson Guitar Corp.*, 2006 WL 3316971 at *1; *Schwebke*, 2023 WL 3901482 at *5.

Further, the nature of a class action in general, combined with the change in applicable Sixth Circuit case law, weigh in favor of finding Defendants did not knowingly waive their right to arbitration. At the time Defendants filed their second Motion to Dismiss, only nine plaintiffs had joined the action and the Sixth Circuit had not yet issued their decision in *Clark*, which

changed the standard for certification of Class Actions like the present case. Plaintiffs continued to join the case through August 2023, up to a week before Defendants filed the instant motion. The Court finds that Defendants did not knowingly waive their right to arbitration in August 2023, because, at that time, the litigation was in its infancy and still evolving. Defendants' argument that this case has been "chaotic", which delayed their appreciation of the underlying arbitration provisions, is well taken and, considering the timeline of the case, the Court finds Defendants' actions in this case do not show an intent to waive their contractual right to arbitration. Indeed, courts should find waiver only in cases "with the most compelling fact patterns", and the Court does not find this to be such a case. *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 393 (6th Cir. 2008).

## V. Conclusion

Defendants' Motion to Compel Arbitration and to partially stay the case with respect to only those Plaintiffs who signed arbitration agreements (R. 60) is GRANTED.

IT IS SO ORDERED.

                                                s/ *David A. Ruiz*
                                                David A. Ruiz
                                                United States District Judge

Date: September 27, 2024