**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CYLE DIXON,<br>*on behalf of himself and all others*<br>*similarly situated*, | ) <br> ) <br> ) <br> ) | CASE NO. 1:22-cv-02288 <br><br> JUDGE DAVID A. RUIZ |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | |
| REGIONAL EXPRESS CLEV INC.,<br>*et al.*, | ) <br> ) <br> ) <br> ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) <br> ) | |

This action is before the Court upon a Renewed Motion to Dismiss, or Alternatively, Strike the Collective and Class Action Allegations, filed by Regional Express Clev Inc. and Regional Express Inc. (collectively "Defendants"). (R. 21). For the following reasons, the Court DENIES both of Defendants' motions.

## I. Facts

Plaintiff Cyle Dixon is an individual residing in Cleveland, Ohio, who was jointly employed as a delivery driver by Defendants from approximately August 2022 through November 2022. (R. 10, PageID# 62 ¶¶ 8–9). Defendants are Ohio corporations that operate "last-mile delivery services" in Ohio, Georgia, Pennsylvania, and Florida. (*Id.*, PageID# 62–63 ¶¶ 12, 16).

Plaintiff alleges that Defendants "routinely" clocked Plaintiff and other similarly situated employees out of work early or adjusted their time, despite Plaintiff and other employees continuing to make deliveries. (*Id.*, PageID# 67–68 ¶¶ 39–40). As a result, Plaintiff explains, Defendants undercounted his and other employees' compensable time and overtime hours. (*Id.*). For instance, Plaintiff alleges that Defendants regularly clocked out Plaintiff and other employees at 8:45 p.m. even though they continued making deliveries until 10:00 p.m. (*Id.*). Plaintiff contends that Defendants "knowingly and willfully" undercounted their employees' hours. (*Id.*, PageID# 68 ¶ 43).

Separately, Plaintiff alleges that Defendants had a "company-wide" policy of deducting a full thirty minutes from Plaintiff's and other employees' compensable time for meal breaks, even when those meal breaks were interrupted by work duties. (*Id.*, PageID# 69 ¶ 48). In fact, Plaintiff alleges that Defendants "expressly encouraged" their employees to not take their full lunch breaks but still deducted the entire lunch period from their employees' compensable time. (*Id.*, PageID# 70 ¶ 53). Once again, Plaintiff contends that Defendants' "knowing[] and "willful[]" actions resulted in Defendants' failure to compensate Plaintiff and other employees for working overtime. (*Id.*).

## II. Procedural History

Plaintiff's initial Complaint named four Defendants: the two Defendants named above as well as against Regional Express Atl Inc. and Regional Express Pitt Inc. (R. 1). The original Complaint alleged the four defendants violated the Fair Labor Standards Act (FLSA) and Ohio Minimum Fair Wage Standards Act (OMFWSA) for overtime violations, as well as violating Ohio Revised Code § 4113.15(A) for failing to pay wages on a semimonthly basis. (R. 1, PageID# 1, 9–11 ¶¶ 49–65). Now pending is Plaintiff's Amended Complaint, which raises the

2

same general claims as the original Complaint, though its factual allegations are updated and it removed Regional Express Atl Inc. and Regional Express Pitt Inc. as defendants.[1]  (R. 10, PageID# 60, 73–75 ¶¶ 68–84).

In addition to raising his own claims, Plaintiff seeks to bring (i) an FLSA collective action pursuant to 29 U.S.C. § 216(b), comprised of "[a]ll current and former hourly delivery drivers who worked 40 or more hours during a workweek at any time from December 20, 2019, through final disposition of this matter"; and (ii) a class action consisting of a class of "[a]ll current and former hourly delivery employees employed in Ohio at any time from December 20, 2020, through final disposition of this matter." (*Id.*, PageID# 70–72 ¶¶ 57–67). Since filing the original Complaint, Plaintiff has filed several notices of numerous non-party individuals consenting to join the FLSA collective action. (*See, e.g.*, R. 11-15, 17-20, 22-26, 29, 31, 57).

Defendants filed the instant Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Alternative Motion to Strike Collective Class Action Allegations (the Motions).[2]  (R. 21). Defendants also filed a Motion to Compel Arbitration (R. 60) with respect to nine of the twenty-two (22) Plaintiffs, which the Court granted by separate order. (R. 83). Defendants have also filed a Motion for Order dropping certain misjoined party-Plaintiffs (R. 69), asserting that twelve of the twenty-two (22) Plaintiffs were employed by two companies that were dropped from the Amended Complaint. Plaintiff has filed a Motion for leave to file a Second Amended Complaint. (R. 72). These latter two motions remain pending.

---

[1]  Accordingly, the docket reflects that both parties have been terminated in this action.
[2]  During the briefing of the Motions, Plaintiff filed a separate Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs (R. 28), which has since been withdrawn (R. 41).

### III. Standard of Review

When ruling upon a motion to dismiss filed under Federal Rule of Civil Procedure

12(b)(6), a court must accept as true all the factual allegations contained in the complaint

and construe the complaint in the light most favorable to the plaintiff. *See Erickson v.*

*Pardus*, 551 U.S. 89, 93–94 (2007); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th

Cir. 2009). Nonetheless, a court need not accept a conclusion of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short
> and plain statement of the claim showing that the pleader is entitled to relief." As
> the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955,
> 167 L.Ed. 2d 929, the pleading standard Rule 8 announces does not require
> "detailed factual allegations," but it demands more than an unadorned, the-
> defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167
> L.Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92
> L.Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a
> formulaic recitation of the elements of a cause of action will not do." 550 U.S., at
> 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929. Nor does a complaint suffice if it tenders
> "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.
> Ct. 1955, L.Ed.2d 929.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter,
> accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570,
> 127 S. Ct. 1955, 167 L.Ed. 2d 929. A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127
> S. Ct. 1955, 167 L.Ed. 2d 929. The plausibility standard is not akin to a
> "probability requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are
> "merely consistent with" a defendant's liability, it "stops short of the line between
> possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955,
> 167 L.Ed. 2d 929 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550

U.S. 544 (2007)).

### IV. Discussion

In the instant Motions, Defendants make three requests: that the Court (i) dismiss

Plaintiff's claims for overtime violations by applying the Portal-to-Portal Act (PPA), 29 U.S.C. § 254(a); (ii) dismiss Plaintiff's claims that Defendants "willfully" violated the FLSA; and (iii) strike Plaintiff's collective and class action allegations. (*See* R. 21). Since the first and third items are the simplest to dispose of, the Court addresses them first.

In their reply brief, Defendants concede that the PPA does not apply to Plaintiff's claims in the Amended Complaint. Specifically, Defendants stated that "[g]iven the clarifications provided by Plaintiff in their opposition papers regarding the judicial admissions in their First Amended Complaint, namely, that — 'Plaintiff is not seeking compensation for work occurring 'before' or 'after' their shifts '— the defense, at this point, agrees the Portal-to-Portal Act now has no application to Plaintiff's case (as it now stands)." (R. 30, PageID# 225). Therefore, the Court need not address this issue for the purposes of the Motion to Dismiss.[3]

As for the Motion to Strike Collective and Class Action Allegations, Defendants explain that the Court may defer its decision on these issues until the close of briefing of Plaintiff's then-pending Motion for Conditional Certification. (R. 30, PageID# 226–227; R. 28). Although the Motion for Conditional Certification has since been withdrawn (R. 41), the Court nonetheless elects to defer addressing these issues until it has decided on the appropriate scope of FLSA-notice discovery. (*See* R. 52). Accordingly, Defendants'

---

[3] In their reply brief, Defendants express their apparent belief that the Amended Complaint only concerns "allegations of unpaid time during Plaintiff's 30-minute lunch breaks." (R. 30, PageID# 225). This is incorrect. While the Amended Complaint contains allegations that Defendants violated the FLSA by inappropriately deducting employees' full lunch breaks from their compensable time (*see* R. 10, PageID# 69–70 ¶¶ 47–56), it also clearly contains separate allegations that Defendants inappropriately clocked employees out of work early (*see id.*, PageID# 67–69 ¶¶ 39–46).

Motion to Strike is denied. To the extent that any of this Motion's issues remain following the Court's decision on FLSA-notice discovery, Defendants may re-raise those issues in a separate motion at the appropriate time.

That leaves just Defendants' request that the Court dismiss Plaintiff's claims of "willful" violations of the FLSA. Defendant argues that because Plaintiff offers nothing more than a "formulaic recitation" of the definition of "willfulness," that the FLSA's three-year statute of limitations should not apply. (R. 21, PageID# 134–135 (*citing McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988)). Defendants correctly state that to survive a motion to dismiss, "allegations of willfulness must be far stronger than a mere allegation that a defendant knew or had reason to know of its alleged FLSA violations." (R. 30, PageID# 226 (internal quotation marks omitted) (*quoting Scheck v. Maxim Healthcare Servs., Inc.*, 333 F. Supp. 3d 751, 758 (N.D. Ohio 2018)).

However, a careful reading of the Amended Complaint reveals multiple allegations that plausibly suggest Defendants' alleged violations of the FLSA were willful. First, Plaintiff alleges that two separate members of management—named Karen and Floyd—specifically told Plaintiff and other employees to "not enter the actual time that they were done working," but "rather to only record 8:45 PM as the end of the work time, even though [management] knew Plaintiff and others similarly situated were still out working past 8:45 PM." (R. 10, PageID# 68–69 ¶¶ 43–44). Second, Plaintiff alleges that on one occasion, he entered the actual time he returned from delivering packages— approximately 9:30 p.m.—and "Plaintiff was told by Defendants to not do that again." (*Id.*, PageID# 69 ¶ 45). Finally, Plaintiff alleges, "Defendants knew that Plaintiff and others similarly situated were working through unpaid 30-minute lunch breaks, or

otherwise being interrupted during the unpaid 30-minute lunch breaks, and knowingly still deducted the 30-minutes from their paid and recorded work time." (R. 10, PageID# 70 ¶ 56). These allegations, taken as true, are sufficient at this stage of the proceedings for the Court to find that Plaintiff has alleged Defendants' willful violation of the FLSA. Accordingly, Defendants' Motion to dismiss these allegations is denied.

### V. Conclusion

Defendants' Renewed Motion to Dismiss (R. 21) is hereby DENIED. Defendants' Alternative Motion to Strike Collective and Class Action Allegations (R. 21) is also DENIED.

IT IS SO ORDERED.

s/ *David A. Ruiz*

David A. Ruiz
United States District Judge

Date: September 27, 2024