# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **GARY ADAMS**, individually and on behalf of the Opt-in Plaintiffs, | ) ) ) | Case No. 1:22-cv-02288 |
| Plaintiff, | ) ) | Judge David A. Ruiz |
| v. | ) ) ) | **JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT** |
| **REGIONAL EXPRESS CLEV INC.**, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Named Plaintiff Gary Adams ("Named Plaintiff"), individually and on behalf of the following Party-Plaintiffs: (1) Norman Adkins; (2) Juan Cornell; (3) Antonio Couch; (4) Pavel Demchenko; (5) Cyle Dixon; (6) Michael Francisco; (7) Mariah Nicole Gross; (8) Gabriel Hartzler; (9) Nickolous Hobson, Jr.; (10) Dante Jones; (11) Mason Kensinger; (12) Sean McCollum; (13) Jessica McNair; (14) Rodney Milbrandt; (15) Barbara Parish; (16) Samantha Parker; (17) Johnny Pfeiffer; (18) Morgan Wood (collectively "Plaintiffs"), and Defendants Regional Express Clev Inc., Regional Express Inc., and Salvatore Caiazzo, Jr. ("Defendants") (collectively, the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Settlement Agreement and Release ("Agreement")[1];

**Exhibit 2**: Declaration of Robi J. Baishnab; and,

**Exhibit 3**: Proposed Order approving settlement and dismissing the case with prejudice.

---

[1] The Agreement has a typo by referencing the case number as 2:23-cv-2164 rather than 1:22-cv-02288.

**MEMORANDUM IN SUPPORT**

## I.    INTRODUCTION.

### A.  Factual and Procedural Background.

Pursuant to the Court's January 16, 2024, Order [non-document], the Parties jointly and respectfully request approval of their settlement agreement resolving Plaintiffs' claims in this action.[2] The Parties agree that the settlement represents a fair and reasonable resolution of a bona fide dispute under the FLSA.

This matter was filed more than two years ago, on December 20, 2022, and has been highly contested with extensive discovery and multiple contested motions. Plaintiffs worked for Defendants as delivery drivers. This matter concerned allegations that Defendants violated the FLSA by failing to pay Plaintiffs for all overtime compensation earned due to Defendants' alleged company-wide policy and practice of deducting 30-minutes of unpaid lunch time, even though Defendants allegedly knew that drivers routinely worked through the entire 30-minute unpaid meal break or otherwise were interrupted with work activities during the unpaid breaks. (ECF Nos. 1, 10, 85).

Throughout the litigation Defendants vigorously denied, any continue to deny, liability and contested all allegations. (*See e.g.*, ECF Nos. 38, 87, 92). The matter also included jurisdictional defenses and arbitration agreements. (*See e.g.*, ECF Nos. 9, 21, 60, 83, 89). To avoid the burden, expense, risk, and uncertainty of litigation, the Parties agreed to engage in settlement discussions. The Parties engaged in substantial investigation and analysis prior to and while negotiating the

---

[2] There is a growing trend that FLSA settlements do not require Court approval. *See e.g.*, *Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710 (S.D. Ohio 2024); *Reid v. Peterson Farms, Inc.*, USDC WD MI, Case No. Case 1:24-cv-00340, Dkt. 24; *Evans v. RWS Resources, LLC*, USDC WDKY, Case No. 4:23-cv-00120, Dkt. 44. Because of this, the Parties anticipated no approval being required (*see e.g.*, Joint Settlement Notice, ECF No. 97), and all settlement payments have already been made. (Baishnab Dec. at ¶ 13).

Settlement. They exchanged relevant documents and information, including time and pay records. Both sides were represented by competent and skilled wage and hour attorneys. While both sides feel strongly about their respective claims and defenses, after good faith, arms' length negotiations, the Parties reached a settlement, the terms of which are encompassed in the attached Agreement. (Baishnab Dec. at ¶¶ 5-12, 14). The requested dismissal will be with prejudice.

**B.  Summary of the Key Settlement Terms.**

The total settlement amount is $57,518.72. This amount includes: (1) settlement payments to Plaintiffs totaling $29,027.28; and (2) attorneys' fees and costs of $28,491.44 ($27,741.57 in fees and $749.87 in costs), a substantial reduction from the lodestar. (*Id*. at ¶ 21).

The payments to Plaintiffs reflect 100% calculated unpaid overtime, plus liquidated damages.[3] In fact, the calculations give Plaintiffs full credit for every clocked meal break, whether or not discovery would ultimately demonstrate that any, or every meal break, was missed. (*Id*. at ¶¶ 18-19). In exchange for the settlement payments, Plaintiffs release wage and hour claims under the FLSA, consistent with the allegations in the complaint.

**II.  PROPRIETY OF APPROVAL OF THE SETTLEMENT.**

**A.  The Seven-Factor Standard is Satisfied.**

As noted above, there is a trend of no longer requiring Court approval of settlements. Otherwise, Court approval is warranted on all scores. *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir.1982) (the court should determine whether the settlement is "a

---

[3] Gary Adams and Cyle Dixon received 100% alleged liquidated damages in recognition of their roles as Named Plaintiffs during the course of the litigation, while the remaining Opt-in Plaintiffs received 25% liquidated damages.

fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*See Hebert v. Chesapeake Operating, Inc*., No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, at *6 (S.D. Ohio Sep. 20, 2019) (citing *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *13-14; and *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007)). The settlement in this case satisfies each of these elements.

### 1.  No Indicia of Fraud or Collusion Exists.

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, at *6 (S.D. Ohio Aug. 12, 2020) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)).

The Agreement was achieved only after arms-length and good faith negotiations between the Parties. This matter has been vigorously litigated, with extensive discovery and contested motion practice. (Baishnab Dec. at ¶ 15). The matter also included jurisdictional defenses and

arbitration agreements. (*See e.g.*, ECF Nos. 9, 21, 60, 83, 89). As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

> ### 2.  The complexity, expense, and likely duration of continued litigation favor approval.

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (further citation omitted).

If this case had not settled, the Parties would be required to engage in costly litigation and discovery, including written discovery, depositions, and extensive document production, including possible third-party subpoenas and expert analysis of meta data and/or GPS logs. On the other hand, settlement provides substantial relief to the Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of collective resolution. (Baishnab Dec. at ¶ 17).

> ### 3.  The amount of discovery completed.

The Parties engaged in substantial investigation and analysis prior to and while negotiating the Settlement. Specifically, written discovery was propounded and responded to by both sides. Defendants produced certain time and pay data, and damages models were exchanged. Both sides were represented by competent and skilled wage and hour attorneys. During negotiations, Counsel argued vigorously for their respective positions, and disputes remain, including whether Defendants was liable, whether any wages were owed, whether there was an overtime wage violation under the FLSA or Ohio law, whether arbitration agreements were applicable, whether the Motor Carrier Act (MCA) exemption was applicable, whether a two- or three- year statute of

limitations under the FLSA was applicable, whether liquidated damages under the FLSA were recoverable, whether the matter could be maintained on a collective/class basis, whether Plaintiff would prevail at trial, and what damages, if any, could be proven to a jury. Consequently, not only were the factual and legal issues thoroughly investigated, but the potential damages in this case were also thoroughly investigated as well. Counsel for the Parties argued vigorously for their respective positions, and disputes remain. (*Id*. at ¶¶ 14-16). Accordingly, this factor supports settlement approval.

### 4.  The likelihood of success on the merits.

Settlement represents a compromise of disputed claims. Specifically, the Action alleges that Defendants violated the FLSA by not paying Named Plaintiff and those similarly situated for all overtime compensation earned due to meal break deductions. Defendants dispute the asserted claims and raised a number of defenses, including jurisdictional and arbitration arguments. Also, the scope of FLSA notice discovery had not even been decided. The settlement payments to Plaintiffs reflect 100% calculated unpaid overtime, plus at least 25% liquidated damages. If this case had not settled, recovery may have been less, or, it is possible that there would be no recovery at all for the Plaintiffs. (*Id*. at ¶¶ 14-18).

### 5.  The opinion of Plaintiffs' Counsel favors approval.

"The recommendation of Plaintiffs' Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Granada Invs., Inc. v. DWG Corp*., 823 F. Supp. 448, 453 (N.D. Ohio 1993); and *Wright*, 2018 U.S. Dist. LEXIS 140019, at *11 (citing *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983)).

Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. At all times, acted in good faith and vigorously represented the interests of Plaintiffs. (Baishnab Dec.

at ¶¶ 5-12, 14-17).  As outlined in the attached declaration, Plaintiffs' Counsel, in consultation with all Plaintiffs, believes that the Settlement is fair, reasonable, and in the best interests of the Plaintiffs. (*Id*. at ¶ 20). Accordingly, this factor favors approval of the Settlement.

### 6.  The reaction of absent class members.

In this case, there are no absent class members. By submitting and filing their Consent to Join forms, which have been filed with the Court, each Plaintiff has already agreed to join this case and be bound by any settlement approved by the Court. (29 U.S.C. § 216(b)). Additionally, Plaintiffs' Counsel communicated with each Plaintiff by phone, email, and/or text concerning the settlement, including payment amounts. (Baishnab Dec. at ¶ 20).

### 7.  The public interest.

"Public policy generally favors settlement of class action lawsuits." *Wright*, 2018 U.S. Dist. LEXIS 140019, at *13 and *Barnes v. Winking Lizard, Inc*., No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *11 (N.D. Ohio Mar. 26, 2019) (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Like in *Wright*, "the settlement confers immediate benefits on the Settlement Collective, avoids the risks and expense in further litigation, and conserves judicial resources." *Id.* Thus, as in *Wright*, the Court should find that this factor supports approval of the Settlement.

### B.  The Settlement distributions are fair and reasonable.

### 1.  The Individual Settlement Payments are fair, adequate, and reasonable.

The settlement payments are fair, adequate, and reasonable. *See e.g.*, *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *15 (N.D. Ohio Mar. 8, 2010); and *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016) (citations omitted). As noted above, settlement payments to Plaintiffs reflect 100% calculated unpaid overtime, plus at least 25% liquidated damages. Calculations give Plaintiffs full credit for every clocked meal break, whether or not discovery

7

would ultimately demonstrate every meal break was missed. (Baishnab Dec. at ¶ 19).  Accordingly, this factor supports approval.

### 2.  The additional amounts to Named Plaintiffs are proper and reasonable.

As noted above, Plaintiffs Adams and Dixon received 100% alleged liquidated damages in recognition of their roles as Named Plaintiffs during the course of the litigation, while the remaining Opt-in Plaintiffs received 25% liquidated damages. This modest enhancement is consistent with what is routinely approved as service payments to representative plaintiffs in class and collective action litigation because service payments "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *18, and *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). Service payments are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *7.

In this Circuit, service payments to representative plaintiffs are "typically justified where the named plaintiffs expend time and effort beyond that of the other class members in assisting class counsel with the litigation, such as by actively reviewing the case and advising counsel in the prosecution of the case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997); *see also*, *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Here, Plaintiffs Adams and Dixon contributed significant time, effort, and detailed factual information enabling Plaintiffs' Counsel to evaluate the strength of this case and to reach a settlement. They committed significant time responding to Plaintiffs' Counsel's inquiries and providing important facts. They also put their names on the line, filing a lawsuit on the public docket, and taking a risk of potentially being "black-listed." (Baishnab Dec. at ¶ 19).

### 3.   The attorney fees to Plaintiffs' Counsel are proper and reasonable.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)). Also, "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery" and fees are considered "reasonable" when they are "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Funk v. Airstream, Inc.*, No. 3:17-cv-260, 2019 U.S. Dist. LEXIS 162334, at *5 (S.D. Ohio Sep. 23, 2019), citing *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (further citation omitted).

There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *Perrin v. John B. Webb & Assocs.*, No. 6:04-cv-

399-Orl-KRS, 2005 U.S. Dist. LEXIS 35473, at *11-12 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"); *see also Fegley*, 19 F.3d at 1134-35 (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *City of Riverside v. Rivera*, 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context, including by this Court.[4]

Courts acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *10 (S.D. Ohio Nov. 25, 2019). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, the attorneys' fees and costs totaling $28,491.44 is reasonable and appropriate.

---

[4] *See, e.g., Batista v. Tremont Enters*., No. 1:19CV361, 2019 U.S. Dist. LEXIS 121658, at *3 (ND Ohio July 22, 2019) (J. Pearson) ("[T]he Court finds that the proposed attorneys' [to Nilges Draher LLC] fees are reasonable," with a settlement of $7,500.00, and $3,401.05 in fees and $2,598.95 in costs); *Schraufl et al v. Riverside Local School District*, USDC ND Ohio, Case No. 1:19-cv-00175; Dkt. Nos. 7 and 9 (J. Boyko) (approving settlement of $7,098.30, with $5,620.50 in fees and costs); *Tonkinson v. J.C's Landscaping & Snow Service, LLC et al*, USDC ND Ohio, Case No. 4:19-cv-00827; Dkt. Nos. 14 and 15 (J. Pearson) (approving settlement amount of $7,500, with $4,000 in fees and $450.42 in costs); *Bernot v. Superior Beverage Group LTD*, USDC ND Ohio, Case No. 1:20-cv-00409; Dkt. Nos. 11 to 14 (J. Oliver, Jr.) (approving $12,821.22 settlement, with $8,620 fees and $409.40 in costs); *Gray v. Property Management Services, LLC, et al*., USDC ND Ohio, Case No. 1:20-cv-00054; Dkt. Nos. 18 to 20 (J. Gaughan) (approving $6,600 settlement, with $4,574.25 fees and $418.00 costs); *Tabellion v. I & A Automotive Service Center LLC et al.*, USDC ND Ohio, Case No. 1:20-cv-00514, Dkt. Nos. 25 and 26 (J. Barker) (Approving $7,500 in damages and fees of $7,500); and *Van Buskirk v. Cardington Yutaka Technologies, Inc*., USDC SD Ohio, Case No. 2:19-cv-00557; Dkt. Nos. 11 and 12 (J. Smith) (approving settlement amount of $5,000, with $4,687.80 in fees and costs). *See also Fox v. Tyson Foods, Inc*., No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 222 (7th Cir. 1972) (court did not abuse its discretion in awarding attorneys' fees that were almost equal to the total damage award).

Also, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs, and expenses. (Baishnab Dec. at ¶ 21). Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci*, 2019 U.S. Dist. LEXIS 207645, at *19; and *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d 907, 936 (N.D. Ohio 2003) (Contingency fee arrangements indicate that there is a certain degree of risk in obtaining a recovery.") (further citation omitted). Further, the amount received under the settlement is a reduction from the lodestar of approximately $101,050.00 as of this filing. Litigation costs include the filing fee, process service, correspondence, postage, and consultant fees. (Baishnab Dec. at ¶ 21).[5]

Courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg*, 2019 U.S. Dist. LEXIS 204371, at *10; and *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *16. Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, the settlement appropriately compensates Plaintiffs' Counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d at 930; and *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters."); and *Brandenburg*, 2019 U.S. Dist. LEXIS 204371 at *20 (Counsel "is entitled to reimbursement of all reasonable out-of-pocket expenses and

---

[5] Some fees and costs were paid as part of the Rule 68 offer and acceptance by Opt-in Plaintiff Jerica Mitchell. (ECF No. 91). (*Id.*).

costs incurred in the prosecution of claims and in obtaining settlement."). Accordingly, the Court should approve the requested attorneys' fees and reimbursement of costs.

## III.    CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court enter the proposed Order approving the settlement, dismissing the action with prejudice, and retaining jurisdiction to enforce the settlement, if necessary.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email:  rbaishnab@ohlaborlaw.com

Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email:  sdraher@ohlaborlaw.com
            hans@ohlaborlaw.com

*Counsel for Plaintiffs*

**GERTSBURG LICATA, CO., LPA**

*/s/ Michael J. Spisak  (with permission)*
Michael J. Spisak (0063337)
Louis J. Licata (0007034)
600 East Granger Road, Suite 200
Cleveland, OH 44131
Telephone: 216-573-6000
Facsimile: 216-920-9998
Email: mspisak@gertsburglicata.com
            ljlicata@gertsburglicata.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed for service via the Court's CM/ECF system on February 4, 2025. Parties may access this filing through the Court's system.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiffs*
